**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON**

**CIVIL ACTION NO. 16-279-DLB**

**GEORGE A. BREED**                                                                    **PETITIONER**

**vs.**                     **MEMORANDUM OPINION AND ORDER**

**SANDRA BUTLER, WARDEN**                                      **RESPONDENT**

\*\*\* \*\*\* \*\*\* \*\*\*

George Breed is an inmate confined at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without an attorney, Breed filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docs. # 1, 4). For the reasons set forth below, the Court will deny Breed's petition.

In 2008, Breed pled guilty to two charges—(1) attempting to possess 500 grams or more of cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a), and (2) forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a federal officer in violation of 18 U.S.C. § 111. *See United States v. Breed*, No. 3:07-cr-077-TBR (W.D. Ky. 2008). Breed was designated a career offender pursuant to section 4B1.1 of the United States Sentencing Guidelines because he had at least two prior felony convictions for either a crime of violence or a controlled substance offense. *See id.* Doc. # 47 at 7. Therefore, Breed's advisory sentencing guideline range was enhanced to 188-235 months in prison. *See id.* Docs. # 69, 71. Despite that designation, he was sentenced to a below-guideline range sentence of 140 months imprisonment. *See id.* Doc. # 76 at 3.

Despite Breed's statements to the contrary (Doc. # 1 at 2; Doc. # 4 at 2), it does not appear that he ever filed a direct appeal or moved to vacate his sentence pursuant to 28 U.S.C. § 2255. In any event, Breed has now filed a § 2241 petition with this Court. (Docs. # 1, 4). Breed appears to be arguing that, in light of the Supreme Court's decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), his pre-2008 felony convictions are no longer valid predicate offenses to subject him to the career-offender enhancement under the sentencing guidelines. (Docs. # 1, 4).

Breed's § 2241 petition, however, is an impermissible collateral attack on his sentence. Although a federal prisoner may challenge the legality of his sentence in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). That is because a § 2241 petition does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). Instead, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). For that reason, a petitioner generally cannot use a § 2241 petition to challenge the legality of his sentence.

Instead, Breed argues that § 2255(e)'s savings clause permits him to attack his sentence in a § 2241 petition. The savings clause allows for a § 2241 petition to challenge the legality of a sentence if § 2255 "is inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255(e). "Invocation of the savings clause is restricted to cases

where prisoners can show an intervening change in the law that establishes their actual innocence." *Bess v. Walton*, 468 F. App'x 588, 589 (6th Cir. 2012) (internal quotation marks and citation omitted). And "[t]he prisoner has the burden of proving that his remedy under section 2255 is inadequate or ineffective." *Id.*

Breed relies on the Sixth Circuit's recent decision in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), to argue that his remedy under § 2255 is inadequate or ineffective. But that argument fails. In *Hill*, the Sixth Circuit held that, under certain circumstances, a prisoner may challenge a sentence enhancement in a § 2241 petition. *See Hill*, 836 F.3d at 599-600. However, the Sixth Circuit expressly limited those circumstances to

> a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600.

Those circumstances do not apply here. The trial court sentenced Breed in 2009—well after the Supreme Court decided *Booker* and held that the sentencing guidelines were advisory. And notably, in this case, the trial court sentenced Breed to a sentence well *below* the applicable guidelines range, further distinguishing his case from *Hill*. In short, Breed's argument regarding § 2255(e)'s savings clause and his reliance on *Hill* are unavailing. Accordingly,

**IT IS ORDERED** that:

(1) Breed's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. #1, #4) is **DENIED**;

(2) This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

(3) Judgment shall be entered contemporaneously herewith.

This 3rd day of August, 2017.



Signed By:
David L. Bunning    DB
United States District Judge

K:\DATA\ORDERS\ProSe\Breed 16-279-DLB Memorandum CDS.docx